UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 27 P 2: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

**FEDERAL INSURANCE COMPANY**
**as Subrogee of Russell and Rebecca Ray**
15 Mountain View Road
Warren, New Jersey 07059

vs.

**RICHARD CUMBIE**
9 West Dover Street
Nantucket, Massachusetts 02554

and

**TONY BARONE PLUMBING AND HEATING**
11 Rudder Lane
Nantucket, Massachusetts 02554

:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO:

05 10164 JLT

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED____2____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

MAGISTRATE JUDGE _____

## COMPLAINT

Plaintiff, Federal Insurance Company a/s/o of Russell and Rebecca Ray, by and through

its attorneys Cozen O'Connor, upon information and belief, hereby alleges the following:

## PARTIES

1.    Plaintiff, Federal Insurance Company (hereinafter "Federal"), is an Indiana

Corporation, with its principal place of business located at 15 Mountain View Road, Warren,

New Jersey 07059, and at all times material hereto was authorized to issue insurance policies in

the Commonwealth of Massachusetts.

2.    At all times material hereto, Federal's insureds Russell and Rebecca Ray

(hereinafter "the plaintiff's insureds" or "the Rays"), were individuals and owners of the property

located at 9 Eel Point Road, Nantucket, Massachusetts (hereinafter "the subject property").

3.      Defendant, Richard Cumbie (hereinafter "Cumbie"), is a citizen and resident of the Commonwealth of Massachusetts residing therein at 9 West Dover Street, Nantucket, Massachusetts and at all times material hereto was engaged in the business of, *inter alia*, customized building design and construction.

4.      Defendant, Tony Barone Plumbing and Heating (hereinafter "Barone"), is a business entity licensed and authorized to do business in the Commonwealth of Massachusetts, with its principal place of business located at 11 Rudder Lane, Nantucket, Massachusetts and at all times material hereto was engaged in the business of, *inter alia*, providing residential plumbing and heating contracting services.

## JURISDICTION AND VENUE

5.      Jurisdiction is invoked under the provisions of 28 U.S.C. §1332 as this is an action between citizens of different states.

6.      The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-five Thousand ($75,000.00) Dollars.

7.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

8.      At all times material hereto, the Rays owned the subject property.

9.      At all times material hereto, plaintiff provided property insurance coverage under policy No. 12594554-02 (hereinafter "subject policy") to the Rays insuring its real and personal property at the subject premises.

2

10.     Prior to January 18, 2004, plaintiff's insureds contracted with defendant Cumbie to design and construct the subject property.

11.     Prior to January 18, 2004, defendant Barone was contracted to provide plumbing services, including but not limited to, the installation of domestic water lines in the subject premises during its construction.

12.     On or about January 18, 2004, a domestic water pipe located in an unheated and uninsulated eave area of the second floor of the subject premises froze and subsequently ruptured.

13.     This incident occurred because the domestic water pipe was improperly installed in an area exposed to foreseeably cold and freezing temperatures.

14.     As a direct consequence of this frozen and ruptured domestic water pipe, water flooded portions of the premises causing severe and extensive damage to the subject premises and its contents.

15.     Pursuant to the terms and conditions of the subject insurance policy, Federal made payments to its insured for the damages sustained in the amount of Seven Hundred Seventy-One Thousand Nine Hundred Ninety Sixty-Eight Dollars and Sixty-One Cents ($771,968.61).

16.     In accordance with the common law principles of legal and equitable subrogation, Federal is subrogated to the rights of its insureds with respect to the damages compensable under the policy.

3

## COUNT I

### PLAINTIFF v. DEFENDANT RICHARD CUMBIE

### NEGLIGENCE

17.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1

through 16 as if the same were fully set forth at length herein.

18.    The damages sustained in this loss were the direct result of the negligence,

carelessness and/or reckless conduct of the personnel and/or agents of defendant Cumbie,

including but not limited to the following ways:

(a)    Failing to properly design the subject property;

(b)    Failing to ensure that the subject property was free of latent defects;

(c)    Failing to properly and safely perform design activities at the subject property thereby increasing the risk of hazards occurring thereto, including water damage;

(d)    Failing to properly, adequately and safely design, engineer, build and/or construct the attic area of the subject property including but not limited to the eaves;

(e)    Failing to perform its design and architectural work and services in accordance with the terms, conditions and provisions of all applicable written and/or oral contracts, agreements, plans and specifications;

(f)    Failing to properly, adequately and safely design, engineer, build and/or construct the plumbing system of the subject property;

(g)    Violating statutes, codes and industry standards during the design of the subject property including, but not limited to, violations regarding the design, engineering and construction of the subject property including, but not limited to, failing to install required insulation and/or heating to portions of the subject property that would be exposed to air temperatures at or below freezing;

(h)    Failing to exercise reasonable care in the performance of the design of the subject property;

(i)    Failing to use due care and skill under the circumstances; and

(j)    Such other and further negligent acts or omissions which may be revealed through discovery.

19.    As a direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or omissions of defendant Cumbie, the domestic water pipes froze and ruptured, resulting in substantial damages to the Rays' real and personal property.

20.    Pursuant to the terms and conditions of the subject insurance policy, Federal did make payments to its insureds for the damages so sustained, the total amount of those payments being Seven Hundred Seventy-One Thousand Nine Hundred Ninety Sixty-Eight Dollars and Sixty-One Cents ($771,968.61).

21.    In accordance with the common law principles of legal and equitable subrogation, Federal is subrogated to the rights of its insured with respect to the damages compensable under the policy.

WHEREFORE, plaintiff, Federal Insurance Company a/s/o Russell and Rebecca Ray, demands judgment in its favor and against defendant, Richard Cumbie, in the amount of Seven Hundred Seventy-One Thousand Nine Hundred Ninety Sixty-Eight Dollars and Sixty-One Cents ($771,968.61) together with interest and costs of this action.

**COUNT II**

**PLAINTIFF v. DEFENDANT TONY BARONE PLUMBING AND HEATING**
**NEGLIGENCE**

22.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 21 as if the same were fully set forth at length herein.

23.     The damages sustained in this loss were the direct result of the negligence,

carelessness and/or reckless conduct of the personnel and/or agents of defendant Barone,

including but not limited to the following ways:

(a)     Failing to properly perform construction, installation and/or maintenance
of the domestic water lines in the subject property;

(b)     Failing to ensure that the subject property was free of latent defects;

(c)     Failing to properly and safely perform construction activities at the subject
property thereby increasing the risk of hazards occurring thereto, including
water damage;

(d)     Failing to insulate the area of the subject domestic water pipe within its
space so as to prevent foreseeably cold temperatures from entering the
premises and causing the subject domestic water pipe to freeze and
rupture;

(e)     Failing to protect freezing temperatures from compromising the integrity
of the subject domestic water pipe located at the premises;

(f)     Failing to perform construction, installation, service and/or maintenance
work in accordance with the terms, conditions and provisions of all
applicable written and/or oral contracts, agreements, plans and
specifications;

(g)     Violating statutes, codes and industry standards during the design,
installation, service and/or maintenance of the plumbing system at the
subject property including, but not limited to, violations regarding the
design, engineering and construction of the plumbing system at the subject
property including, but not limited to, failing to install required insulation
and/or heating to portions of the subject property that would be exposed to
air temperatures at or below freezing;

(h)     Failing to maintain, service and/or repair the plumbing system at the
subject property;

(i)     Otherwise failing to use due care under the circumstances.

24.     As a direct and proximate result of the aforesaid negligence, carelessness and/or

negligent acts and/or omissions of defendant Barone, the domestic water pipe froze and ruptured,

resulting in substantial damages to the Rays' real and personal property.

25.    Pursuant to the terms and conditions of the subject insurance policy, Federal did make payments to its insureds for the damages so sustained, the total amount of those payments being Seven Hundred Seventy-One Thousand Nine Hundred Ninety Sixty-Eight Dollars and Sixty-One Cents ($771,968.61).

26.    In accordance with the common law principles of legal and equitable subrogation, Federal is subrogated to the rights of its insured with respect to the damages compensable under the policy.

WHEREFORE, plaintiff, Federal Insurance Company a/s/o Russell and Rebecca Ray, demands judgment in its favor and against defendant, Tony Barone Plumbing and Heating, in the amount of Seven Hundred Seventy-One Thousand Nine Hundred Ninety Sixty-Eight Dollars and Sixty-One Cents ($771,968.61)  together with interest and costs of this action.

**COUNT III**

**PLAINTIFF v. DEFENDANT TONY BARONE PLUMBING AND HEATING**

**BREACH OF WARRANTY**

27.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 26 as if the same were fully set forth at length herein.

28.    Defendant Barone agreed to perform its installation services, including but not limited to, the design, installation, inspection and activation of the aforesaid domestic water lines in a good, safe and workmanlike manner, free from defects and in accordance with all applicable codes and standards.

29.    Defendant Barone breached its expressed and/or implied warranties that its construction work, including, but not limited to, the design, installation, inspection and activation

of the aforesaid domestic water lines would be performed in a good, safe and workmanlike manner, free from defects and in accordance with all applicable codes and standards.

30.    As a direct and proximate result of Barone's breach of express and/or implied warranties, plaintiff's insureds suffered substantial water damage to their real and personal property for which Federal paid its insureds.

31.    Pursuant to the terms and conditions of the subject insurance policy, Federal did make payments to its insureds for the damages so sustained, the total amount of those payments being Seven Hundred Seventy-One Thousand Nine Hundred Ninety Sixty-Eight Dollars and Sixty-One Cents ($771,968.61).

32.    In accordance with the common law principles of legal and equitable subrogation, Federal is subrogated to the rights of its insured with respect to the damages compensable under the policy.

WHEREFORE, plaintiff, Federal Insurance Company a/s/o Russell and Rebecca Ray, demands judgment in its favor and against defendant, Tony Barone Plumbing and Heating, in the amount of Seven Hundred Seventy-One Thousand Nine Hundred Ninety Sixty-Eight Dollars and Sixty-One Cents ($771,968.61) together with interest and costs of this action.

Respectfully submitted,

BY: _____
Patrick J. Loftus, III, Esquire
9 Park Street
Suite 500
Boston, Massachusetts  02108
(617) 723-7770

Of Counsel:
COZEN AND O'CONNOR
ROBERT M. CAPLAN, ESQUIRE
Attorney for Plaintiff, Federal Insurance Company
a/s/o Russell and Rebecca Ray

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Federal Insurance Company a/s/o
Russell and Rebecca Ray

## DEFENDANTS

FILED
IN CLERKS OFFICE

Richard Cumbie
and                    2005 JAN 27 P 2:16
Tony Barone Plumbing and Heating
                    U.S. DISTRICT COURT
                    DISTRICT OF MASS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Somerset
(EXCEPT IN U.S. PLAINTIFF CASES)    ( NJ )

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Nantucket (MA)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Patrick J. Loftus, III
9 Park Street, Suite 500
Boston, MA 02108
617-723-7770

ATTORNEYS (IF KNOWN)

05 cv 10164 JLT

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☒ 4 Diversity
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX
(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 1332(a)(1)

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VII. REQUESTED IN
COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ 70,000.

Check YES only if demanded in complaint:
**JURY DEMAND:**  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____    DOCKET NUMBER _____

DATE  1/20/05

SIGNATURE OF ATTORNEY OF RECORD  Patrick Loftus

**UNITED STATES DISTRICT COURT**

UNITED STATES DISTRICT COU~
DISTRICT OF MASSACHUSET,

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Federal Insurance Company a/s/o
Russell and Rebecca Rey v. Richard Cumbie, et al. FILED CLERKS OFFICE

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).        2005 JAN 27 P 2: 16

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.    U.S. DISTRICT COURT
                                                DISTRICT OF MASS.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ✗ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

*05cv 10164 JLT*

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
n/a

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
n/a

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
PUBLIC INTEREST? n/a
IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
28 USC 2284? n/a

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER
COUNTY) - (SEE LOCAL RULE 40.1(C)). YES   No   ____OR IN THE WESTERN SECTION (BERKSHIRE,
FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES No

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE
DISTRICT? YES No                                              (a)  IF YES, IN WHICH SECTION DOES
THE PLAINTIFF RESIDE?_____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Nantucket

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL
AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION_____
_____ OR WESTERN SECTION_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Patrick J. Loftus, III
ADDRESS  9 Park Street Suite 500   Boston, MA 02108
TELEPHONE NO.  617 723 7770

(Category.frm - 09/92)