UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No: 05 10164 JLT

FILED
IN CLERKS OFFICE

2005 FEB 28  A 11: 50

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| FEDERAL INSURANCE COMPANY as Subrogee of Russell Ray and Rebecca Ray, | ) ) ) |
| Plaintiff | ) ) |
| VS. | ) ) |
| RICHARD CUMBIE and TONY BARONE PLUMBING AND HEATING, | ) ) ) |
| Defendants | ) |

## ANSWER, JURY CLAIM AND CROSSCLAIM ON BEHALF OF DEFENDANT RICHARD CUMBIE

1. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, they are denied.

2. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, they are denied.

3. Defendant admits his residence address and denies the remaining allegations in this paragraph.

4. This Defendant does not respond to this Paragraph as he does not understand it to be directed towards him.

5. This paragraph states a conclusion of law.

6. This paragraph states a conclusion of law.

7. This paragraph states a conclusion of law.

8. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, therefore, they are denied.

1

9. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, they are denied.

10. The Defendant denies the allegations of paragraph 10.

11. This Defendant does not respond to this Paragraph as he does not understand it to be directed towards him.

12. The Defendant denies the allegations of paragraph 12.

13. The Defendant denies the allegations of paragraph 13.

14. The Defendant denies the allegations of paragraph 14.

15. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, they are denied.

16. This paragraph states a conclusion of law. To the extent this paragraph contains allegations of fact, the same are denied.

## COUNT I

17. The Defendant incorporates his responses to the allegations of paragraphs 1-16.

18. The Defendant denies the allegations of paragraph 18.

19. The Defendant denies the allegations of paragraph 19.

20. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, therefore, they are denied.

21. This paragraph states a conclusion of law. To the extent this paragraph contains allegations of fact, the same are denied.

## COUNT II

This Defendant does not respond to this Count as he does not understand it to be directed towards him.

## COUNT III

This Defendant does not respond to this Count as he does not understand it to be directed towards him.

## FIRST AFFIRMATIVE DEFENSE

The negligence of the Plaintiff's subrogors was greater than any alleged negligence of the Defendant or of the Defendant's agents, servants or employees and, therefore, the Plaintiff is barred from any recovery in the action by the terms of M.G.L. c.231, Section 85.

## SECOND AFFIRMATIVE DEFENSE

The negligence of the Plaintiff's subrogors contributed to the injuries, loss and damage claimed and, therefore, any recovery by the Plaintiff must be diminished in accordance with M.G.L. c.231, Section 85.

## THIRD AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged damage was caused by the conduct of a third party or third parties, for which this Defendant is not and was not responsible.

## FIFTH AFFIRMATIVE DEFENSE

The cause of Plaintiff's alleged injury being open and obvious, Defendant owed no duty to Plaintiff with respect to same.

## SIXTH AFFIRMATIVE DEFENSE

There has been insufficient process and service of process on Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Count I fails to state a claim upon which relief can be granted.

WHEREFORE, the Defendant prays that the Plaintiff's Complaint be dismissed, and that judgment enter for the Defendant, with costs.

### DEFENDANT RICHARD CUMBIE'S CROSSCLAIM AGAINST CO-DEFENDANT TONY BARONE PLUMBING & HEATING

The Defendant Richard Cumbie Crossclaims against the Co-Defendant Tony Barone Plumbing & Heating as follows:

1. The Plaintiff has filed a Complaint against the Defendant Richard Cumbie (Cumbie).

2. As it appears in the Complaint, the Plaintiff alleges that as a result of negligent work allegedly performed by Defendant Cumbie on the subject property, the Plaintiff's subrogors were caused to suffer damage for which Plaintiff made insurance payments.

3. Defendant Cumbie denies that he was negligent and affirmatively alleges that the damaged alleged in the Plaintiff's Complaint was caused solely, or in part, by reason of the negligence of the Co-Defendant Tony Barone Plumbing & Heating (Barone) in the latter's performance of the plumbing work on the subject property.

4. In the event that the Plaintiff receives judgment against the Defendant Cumbie, the Defendant Cumbie will be entitled to judgment against the Co-Defendant Barone for contribution pursuant to M.G.L. c.231B.

WHEREFORE, the Defendant Cumbie demands Judgment against the Co-Defendant Barone for contribution for damages and costs that may be adjudged against him in favor of the Plaintiff.

THE DEFENDANT, RICHARD CUMBIE, DEMANDS A TRIAL BY JURY ON ALL ISSUES.

> RICHARD CUMBIE
> By his attorneys,
>
> *FINNEGAN, UNDERWOOD,*
> *RYAN & TIERNEY*
>
> _____
> Philip T. Tierney, BBO #498120
> John R. Callahan, BBO #641520
> 22 Batterymarch Street, 4th Floor
> Boston, MA 02109
> (617) 348-9200

DATED: February 25, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on 2/28/05

_____
Philip T. Tierney

5