UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 28  A 11: 50

Civil Action No: 05 10164 JLT

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| FEDERAL INSURANCE COMPANY as Subrogee of Russell Ray and Rebecca Ray, | ) ) ) |
| Plaintiff | ) ) |
| VS. | ) ) |
| RICHARD CUMBIE and | ) ) |
| Defendant/Third-Party Plaintiff | ) ) |
| AND | ) ) |
| TONY BARONE PLUMBING and HEATING, | ) ) ) |
| Defendant | ) ) |
| VS. | ) ) |
| KENNETH CROSS and GLENN SPEER, | ) ) |
| Third-Party Defendants | ) |

## THIRD-PARTY COMPLAINT AND JURY CLAIM

1. This is a Third-Party Complaint asserted by Defendant Richard Cumbie [Cumbie] against Third-Party Defendants Kenneth Cross [Cross] and Glenn Speer [Speer] for contribution.

2. Cumbie is a resident of Nantucket, Nantucket County, Massachusetts.

3. Cross is a resident of Nantucket, Nantucket County, Massachusetts.

4. Speer is a resident of Nantucket, Nantucket County, Massachusetts.

5. The Plaintiff has filed a Complaint (attached hereto as Exhibit A) against Cumbie alleging that Cumbie is liable to it for monetary loss allegedly incurred by Plaintiff's subrogors on or about January 18, 2004 when a water pipe allegedly

1

froze and ruptured at 9 Eel Point Road, Nantucket, Massachusetts, the Plaintiff allegedly having been obligated to pay, as the subrogors' insurer, $771,968.61 to its insureds for the alleged damages caused by the ruptured water pipe.

6. Cumbie reaffirms his responses and affirmative defenses contained in his answer to Plaintiff's Complaint and incorporates same herein by reference.

7. Cumbie states that if Plaintiff was damaged as alleged, said damage was caused solely, or in part, by reason of Cross' negligence as general contractor in constructing the subject property and by the negligence of Speer in performance of his duties as caretaker of the subject property prior to the occurrence of the alleged water pipe rupture on or about January 18, 2004.

8. In the event that Plaintiff receives judgment against Cumbie, Cumbie will be entitled to judgment against Cross and Speer for contribution pursuant to M.G.L. c.231B.

WHEREFORE, the Defendant/Third-Party Plaintiff Cumbie demands Judgment against the Third-Party Defendants Cross and Speer for contribution for damages and costs that may be adjudged against him in favor of the Plaintiff.

THE DEFENDANT/THIRD-PARTY PLAINTIFF, RICHARD CUMBIE, DEMANDS A TRIAL BY JURY ON ALL ISSUES.

> RICHARD CUMBIE
> By his attorneys,
>
> *FINNEGAN, UNDERWOOD,*
> *RYAN & TIERNEY*
>
> Philip T. Tierney, BBO #498120
> John R. Callahan, BBO #641520
> 22 Batterymarch Street, 4th Floor
> Boston, MA 02109
> (617) 348-9200

DATED: February 25, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record, for each party by mail/hand on _2/25/05_

Philip T. Tierney

2

FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2005 JAN 27 P 2: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

FEDERAL INSURANCE COMPANY
as Subrogee of Russell and Rebecca Ray
15 Mountain View Road
Warren, New Jersey 07059

vs.

RICHARD CUMBIE
9 West Dover Street
Nantucket, Massachusetts 02554

and

TONY BARONE PLUMBING AND HEATING
11 Rudder Lane
Nantucket, Massachusetts 02554

CIVIL ACTION NO:

05 - 10164 JLT

## COMPLAINT

Plaintiff, Federal Insurance Company a/s/o of Russell and Rebecca Ray, by and through its attorneys Cozen O'Connor, upon information and belief, hereby alleges the following:

### PARTIES

1. Plaintiff, Federal Insurance Company (hereinafter "Federal"), is an Indiana Corporation, with its principal place of business located at 15 Mountain View Road, Warren, New Jersey 07059, and at all times material hereto was authorized to issue insurance policies in the Commonwealth of Massachusetts.

2. At all times material hereto, Federal's insureds Russell and Rebecca Ray (hereinafter "the plaintiff's insureds" or "the Rays"), were individuals and owners of the property located at 9 Eel Point Road, Nantucket, Massachusetts (hereinafter "the subject property").

3. Defendant, Richard Cumbie (hereinafter "Cumbie"), is a citizen and resident of the Commonwealth of Massachusetts residing therein at 9 West Dover Street, Nantucket, Massachusetts and at all times material hereto was engaged in the business of, *inter alia*, customized building design and construction.

4. Defendant, Tony Barone Plumbing and Heating (hereinafter "Barone"), is a business entity licensed and authorized to do business in the Commonwealth of Massachusetts, with its principal place of business located at 11 Rudder Lane, Nantucket, Massachusetts and at all times material hereto was engaged in the business of, *inter alia*, providing residential plumbing and heating contracting services.

## JURISDICTION AND VENUE

5. Jurisdiction is invoked under the provisions of 28 U.S.C. §1332 as this is an action between citizens of different states.

6. The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-five Thousand ($75,000.00) Dollars.

7. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

8. At all times material hereto, the Rays owned the subject property.

9. At all times material hereto, plaintiff provided property insurance coverage under policy No. 12594554-02 (hereinafter "subject policy") to the Rays insuring its real and personal property at the subject premises.

2

10. Prior to January 18, 2004, plaintiff's insureds contracted with defendant Cumbie to design and construct the subject property.

11. Prior to January 18, 2004, defendant Barone was contracted to provide plumbing services, including but not limited to, the installation of domestic water lines in the subject premises during its construction.

12. On or about January 18, 2004, a domestic water pipe located in an unheated and uninsulated eave area of the second floor of the subject premises froze and subsequently ruptured.

13. This incident occurred because the domestic water pipe was improperly installed in an area exposed to foreseeably cold and freezing temperatures.

14. As a direct consequence of this frozen and ruptured domestic water pipe, water flooded portions of the premises causing severe and extensive damage to the subject premises and its contents.

15. Pursuant to the terms and conditions of the subject insurance policy, Federal made payments to its insured for the damages sustained in the amount of Seven Hundred Seventy-One Thousand Nine Hundred Ninety Sixty-Eight Dollars and Sixty-One Cents ($771,968.61).

16. In accordance with the common law principles of legal and equitable subrogation, Federal is subrogated to the rights of its insureds with respect to the damages compensable under the policy.

3

## COUNT I

### PLAINTIFF v. DEFENDANT RICHARD CUMBIE

### NEGLIGENCE

17. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 16 as if the same were fully set forth at length herein.

18. The damages sustained in this loss were the direct result of the negligence, carelessness and/or reckless conduct of the personnel and/or agents of defendant Cumbie, including but not limited to the following ways:

(a) Failing to properly design the subject property;

(b) Failing to ensure that the subject property was free of latent defects;

(c) Failing to properly and safely perform design activities at the subject property thereby increasing the risk of hazards occurring thereto, including water damage;

(d) Failing to properly, adequately and safely design, engineer, build and/or construct the attic area of the subject property including but not limited to the eaves;

(e) Failing to perform its design and architectural work and services in accordance with the terms, conditions and provisions of all applicable written and/or oral contracts, agreements, plans and specifications;

(f) Failing to properly, adequately and safely design, engineer, build and/or construct the plumbing system of the subject property;

(g) Violating statutes, codes and industry standards during the design of the subject property including, but not limited to, violations regarding the design, engineering and construction of the subject property including, but not limited to, failing to install required insulation and/or heating to portions of the subject property that would be exposed to air temperatures at or below freezing;

(h) Failing to exercise reasonable care in the performance of the design of the subject property;

4

(i) Failing to use due care and skill under the circumstances; and

(j) Such other and further negligent acts or omissions which may be revealed through discovery.

19. As a direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or omissions of defendant Cumbie, the domestic water pipes froze and ruptured, resulting in substantial damages to the Rays' real and personal property.

20. Pursuant to the terms and conditions of the subject insurance policy, Federal did make payments to its insureds for the damages so sustained, the total amount of those payments being Seven Hundred Seventy-One Thousand Nine Hundred Ninety Sixty-Eight Dollars and Sixty-One Cents ($771,968.61).

21. In accordance with the common law principles of legal and equitable subrogation, Federal is subrogated to the rights of its insured with respect to the damages compensable under the policy.

WHEREFORE, plaintiff, Federal Insurance Company a/s/o Russell and Rebecca Ray, demands judgment in its favor and against defendant, Richard Cumbie, in the amount of Seven Hundred Seventy-One Thousand Nine Hundred Ninety Sixty-Eight Dollars and Sixty-One Cents ($771,968.61) together with interest and costs of this action.

## COUNT II
## PLAINTIFF v. DEFENDANT TONY BARONE PLUMBING AND HEATING
## NEGLIGENCE

22. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 21 as if the same were fully set forth at length herein.

5

23. The damages sustained in this loss were the direct result of the negligence, carelessness and/or reckless conduct of the personnel and/or agents of defendant Barone, including but not limited to the following ways:

(a) Failing to properly perform construction, installation and/or maintenance of the domestic water lines in the subject property;

(b) Failing to ensure that the subject property was free of latent defects;

(c) Failing to properly and safely perform construction activities at the subject property thereby increasing the risk of hazards occurring thereto, including water damage;

(d) Failing to insulate the area of the subject domestic water pipe within its space so as to prevent foreseeably cold temperatures from entering the premises and causing the subject domestic water pipe to freeze and rupture;

(e) Failing to protect freezing temperatures from compromising the integrity of the subject domestic water pipe located at the premises;

(f) Failing to perform construction, installation, service and/or maintenance work in accordance with the terms, conditions and provisions of all applicable written and/or oral contracts, agreements, plans and specifications;

(g) Violating statutes, codes and industry standards during the design, installation, service and/or maintenance of the plumbing system at the subject property including, but not limited to, violations regarding the design, engineering and construction of the plumbing system at the subject property including, but not limited to, failing to install required insulation and/or heating to portions of the subject property that would be exposed to air temperatures at or below freezing;

(h) Failing to maintain, service and/or repair the plumbing system at the subject property;

(i) Otherwise failing to use due care under the circumstances.

24. As a direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or omissions of defendant Barone, the domestic water pipe froze and ruptured, resulting in substantial damages to the Rays' real and personal property.

6

25. Pursuant to the terms and conditions of the subject insurance policy, Federal did make payments to its insureds for the damages so sustained, the total amount of those payments being Seven Hundred Seventy-One Thousand Nine Hundred Ninety Sixty-Eight Dollars and Sixty-One Cents ($771,968.61).

26. In accordance with the common law principles of legal and equitable subrogation, Federal is subrogated to the rights of its insured with respect to the damages compensable under the policy.

WHEREFORE, plaintiff, Federal Insurance Company a/s/o Russell and Rebecca Ray, demands judgment in its favor and against defendant, Tony Barone Plumbing and Heating, in the amount of Seven Hundred Seventy-One Thousand Nine Hundred Ninety Sixty-Eight Dollars and Sixty-One Cents ($771,968.61) together with interest and costs of this action.

## COUNT III
## PLAINTIFF v. DEFENDANT TONY BARONE PLUMBING AND HEATING
## BREACH OF WARRANTY

27. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 26 as if the same were fully set forth at length herein.

28. Defendant Barone agreed to perform its installation services, including but not limited to, the design, installation, inspection and activation of the aforesaid domestic water lines in a good, safe and workmanlike manner, free from defects and in accordance with all applicable codes and standards.

29. Defendant Barone breached its expressed and/or implied warranties that its construction work, including, but not limited to, the design, installation, inspection and activation

7

of the aforesaid domestic water lines would be performed in a good, safe and workmanlike manner, free from defects and in accordance with all applicable codes and standards.

30. As a direct and proximate result of Barone's breach of express and/or implied warranties, plaintiff's insureds suffered substantial water damage to their real and personal property for which Federal paid its insureds.

31. Pursuant to the terms and conditions of the subject insurance policy, Federal did make payments to its insureds for the damages so sustained, the total amount of those payments being Seven Hundred Seventy-One Thousand Nine Hundred Ninety Sixty-Eight Dollars and Sixty-One Cents ($771,968.61).

32. In accordance with the common law principles of legal and equitable subrogation, Federal is subrogated to the rights of its insured with respect to the damages compensable under the policy.

WHEREFORE, plaintiff, Federal Insurance Company a/s/o Russell and Rebecca Ray, demands judgment in its favor and against defendant, Tony Barone Plumbing and Heating, in the amount of Seven Hundred Seventy-One Thousand Nine Hundred Ninety Sixty-Eight Dollars and Sixty-One Cents ($771,968.61) together with interest and costs of this action.

Respectfully submitted,

BY: _____
Patrick J. Loftus, III, Esquire
9 Park Street
Suite 500
Boston, Massachusetts 02108
(617) 723-7770

8

Of Counsel:
COZEN AND O'CONNOR
ROBERT M. CAPLAN, ESQUIRE
Attorney for Plaintiff, Federal Insurance Company
a/s/o Russell and Rebecca Ray