UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL INSURANCE COMPANY<br>as Subrogee of Russell and Rebecca Ray<br>PLAINTIFF | )<br>)<br>)<br>) |
| VS. | ) CIVIL ACTION<br>) NO. 05-10164 JLT |
| RICHARD CUMBIE &<br>TONY BARONE PLUMBING AND HEATING<br>DEFENDANTS | )<br>)<br>) |

### ANSWER, CROSSCLAIM & CLAIM OF JURY TRIAL OF DEFENDANT, TONY BARONE PLUMBING AND HEATING, INC.

1. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 1 of plaintiff's Complaint.

2. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 2 of plaintiff's Complaint.

3. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 3 of plaintiff's Complaint.

4. Defendant, ANTHONY M. BARONE d/b/a TONY BARONE PLUMBING AND HEATING, incorrectly identified as TONY BARONE PLUMBING AND HEATING, admits the allegations contained in paragraph 4 of plaintiff's Complaint.

5. Defendant admits the allegations contained in paragraph 5 of plaintiff's Complaint.

6. Defendant admits the allegations contained in paragraph 6 of plaintiff's Complaint.

7. Defendant admits the allegations contained in paragraph 7 of plaintiff's Complaint.

8. Defendant admits the allegations contained in paragraph 8 of plaintiff's Complaint.

9. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 9 of plaintiff's Complaint.

10. Defendant admits the allegations contained in paragraph 10 of plaintiff's Complaint.

11. Defendant admits the allegations contained in paragraph 11 of plaintiff's Complaint.

12. Defendant admits that a water pipe froze and ruptured but lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 12 of plaintiff's Complaint.

13. Defendant denies the allegations contained in paragraph 13 of plaintiff's Complaint.

14. Defendant admits the allegations contained in paragraph 14 of plaintiff's Complaint.

15. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 15 of plaintiff's Complaint.

16. Defendant admits the allegations contained in paragraph 16 of plaintiff's Complaint.

## COUNT I

17. Defendant repeats its answers to paragraphs 1 through 16 of plaintiff's Complaint.

Defendant files no answer to paragraphs 18 through 21 of Count I of plaintiff's Complaint as said paragraphs do not assert allegations against him.

## COUNT II

22. Defendant repeats his answers to paragraphs 1 through 16 of plaintiff's Complaint.

23. Defendant denies the allegations contained in paragraph 23 of plaintiff's Complaint.

   (a) Defendant denies the allegations contained in paragraph 23(a) of plaintiff's complaint.

   (b) Defendant denies the allegations contained in paragraph 23(b) of plaintiff's complaint.

   (c) Defendant denies the allegations contained in paragraph 23(c) of plaintiff's complaint.

   (d) Defendant denies the allegations contained in paragraph 23(d) of plaintiff's complaint.

   (e) Defendant denies the allegations contained in paragraph 23(e) of plaintiff's complaint.

   (f) Defendant denies the allegations contained in paragraph 23(f) of plaintiff's complaint.

   (g) Defendant denies the allegations contained in paragraph 23(g) of plaintiff's complaint.

   (h) Defendant denies the allegations contained in paragraph 23(h) of plaintiff's complaint.

   (i) Defendant denies the allegations contained in paragraph 23(i) of plaintiff's complaint.

24. Defendant denies the allegations contained in paragraph 24 of plaintiff's Complaint.

25. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 25 of plaintiff's Complaint.

26. Defendant admits the allegations contained in paragraph 26 of plaintiff's Complaint.

## COUNT III

27. Defendant repeats his answers to paragraphs 1 through 26 of plaintiff's Complaint.

28. Defendant admits the allegations contained in paragraph 28 of plaintiff's Complaint.

29. Defendant denies the allegations contained in paragraph 29 of plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph 30 of plaintiff's Complaint.

31. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 31 of plaintiff's Complaint.

32. Defendant admits the allegations contained in paragraph 32 of plaintiff's Complaint.

### FIRST DEFENSE

And further answering, the defendant says that the plaintiff's Complaint fails to set forth facts constituting a cause of action, and therefore the plaintiff cannot recover.

### SECOND DEFENSE

And further answering, the defendant says that the plaintiff insured's own negligence caused or contributed to the incident and damages alleged, and therefore the plaintiff cannot recover.

### THIRD DEFENSE

And further answering, the defendant says that the plaintiff's insured was more than 50 percent negligent in causing or contributing to the incident and damages alleged, and therefore the plaintiff either cannot recover or any verdict or finding in its favor must be reduced by the percentage of negligence attributed to the said plaintiff's insured.

### FOURTH DEFENSE

And further answering, the defendant says that the plaintiff's insured assumed the risk of the incident and damages alleged, and therefore the plaintiff cannot recover.

### FIFTH DEFENSE

And further answering, the defendant says that the plaintiff's alleged damages, if any, were caused by persons other than the defendant, his agents, servants or employees, and the plaintiff's alleged damages, if any, were caused by persons for whose conduct the defendant is not responsible, and therefore the plaintiff cannot recover.

### SIXTH DEFENSE

And further answering, the defendant says that the amount paid by the plaintiff was in excess of what was fair and reasonable and therefore the plaintiff cannot recover.

## SEVENTH DEFENSE

And further answering, the defendant says that the plaintiff's insured's alleged damages were not caused by the incident alleged, and therefore the plaintiff cannot recover.

## EIGHTH DEFENSE

And further answering, the defendant says that as subrogee, the plaintiff's rights extend only to the amounts of money that it paid to its subrogor, and the plaintiff is not entitled in subrogation to any amounts of money in excess of the amounts that it paid to its subrogor.

## NINTH DEFENSE

And further answering, the defendant says that the plaintiff has not brought its action within the time period allowed by Massachusetts law regarding limitations of actions, and therefore the plaintiff cannot recover and the Complaint should be dismissed.

## TENTH DEFENSE

And further answering, the defendant says that the damages alleged, if any, resulted from abnormal conduct or use by the plaintiff's insured and therefore the plaintiff cannot recover.

## ELEVENTH DEFENSE

And further answering, the defendant says that he was not negligent in any manner, and therefore the plaintiff cannot recover from the said defendant and the Complaint against it should be dismissed.

## TWELFTH DEFENSE

And further answering, the defendant says that it never received proper and timely notice of the incident alleged, and therefore the plaintiff cannot recover.

## THIRTEENTH DEFENSE

And further answering, the defendant says that there is a lack of adequate consideration for the alleged contract and therefore the plaintiff cannot recover.

## FOURTEENTH DEFENSE

And further answering, the defendant says that the plaintiff's insured has breached or

otherwise failed to comply with the terms and conditions of the contract alleged and therefore the plaintiff cannot recover.

### FIFTEENTH DEFENSE

And further answering the defendant says that the plaintiff has failed to mitigate its damages and therefore cannot recover.

### CROSSCLAIM

### COUNT I
### ANTHONY M. BARONE D/B/A TONY BARONE PLUMBING AND HEATING VS. RICHARD CUMBIE

1. Crossclaim plaintiff, ANTHONY M. BARONE, d/b/a TONY BARONE PLUMBING AND HEATING, has a usual place of business in Nantucket, Nantucket County, Massachusetts.

2. Crossclaim defendant, RICHARD CUMBIE, is an individual residing at 9 West Dover Street, Nantucket, Nantucket County, Massachusetts.

3. If the plaintiff's insured suffered damages as alleged in the complaint, said damages were caused by the negligence of the crossclaim defendant, RICHARD CUMBIE, his agents, servants or employees.

4. In the event a finding or judgment enters in favor of the plaintiff, FEDERAL INSURANCE COMPANY, Subrogee, against the defendant/crossclaim plaintiff, ANTHONY M. BARONE D/B/A TONY BARONE PLUMBING AND HEATING, then the crossclaim defendant, RICHARD CUMBIE, is liable to indemnify the crossclaim plaintiff or in the alternative, is liable to the crossclaim plaintiff as a joint tortfeasor.

WHEREFORE, the crossclaim plaintiff, ANTHONY M. BARONE d/b/a TONY BARONE PLUMBING AND HEATING, demands judgment against the crossclaim defendant, RICHARD CUMBIE, in an amount equal to or greater than any judgment entered against him in favor of the plaintiff, FEDERAL INSURANCE COMPANY, Subrogee, plus such further relief as the Court deems just and appropriate.

AND, WHEREFORE, the defendant, ANTHONY M. BARONE d/b/a TONY BARONE PLUMBING AND HEATING, demands judgment against the plaintiff and further demands that said action be dismissed.

AND, FURTHER, the defendant, ANTHONY M. BARONE d/b/a TONY BARONE PLUMBING AND HEATING, claims a trial by jury on all the issues.

>ANTHONY M. BARONE D/B/A
>TONY BARONE PLUMBING ANDHEATING
>BY HIS ATTORNEY:
>
>_____
>Peter A. Palmer, Esquire
>Fuller, Rosenberg, Palmer & Beliveau, LLP
>340 Main Street, Suite 817
>Worcester, MA 01608
>(508) 751-5115
>BBO #551117

March 2, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon the parties to this action by mailing a copy thereof, first class, postage prepaid, to the following counsel of record:

Patrick J. Loftus, III, Esquire   Mr. Richard Cumbie
9 Park Street, Suite 500          9 West Dover Street
Boston, MA 02108                  Nantucket, MA 02554

_____
Peter A. Palmer, Esquire
Fuller, Rosenberg, Palmer & Beliveau, LLP
340 Main Street, Suite 817
Worcester, MA 01608
(508) 751-5115
BBO #551117

March 2, 2005