UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
FEDERAL INSURANCE CO., as Subrogee of Russell )
and Rebecca Ray,                               )
                                               )   Civil Action No.
           Plaintiff,                          )   05-10164-JLT
                                               )
v.                                             )
                                               )
RICHARD CUMBIE and TONY BARONE                 )
PLUMBING AND HEATING,                          )
           Defendants/Third-Party Plaintiffs,  )
                                               )
v.                                             )
                                               )
RICHARD TRAVAGLIONE, KENNETH CROSS             )
and GLENN SPEER,                               )
           Third-Party Defendants.             )
_____)

## ANSWER OF THE THIRD-PARTY DEFENDANT, GLENN SPEER, TO THE THIRD-PARTY COMPLAINT OF THE DEFENDANT/THIRD-PARTY PLAINTIFF, TONY BARONE PLUMBING AND HEATING

### COUNT I

1.  The third-party defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the third-party complaint.

2.  The allegations set forth in Paragraph 2 of the third-party complaint do not relate to this third-party defendant, and therefore the third-party defendant provides no response.

3.  The third-party defendant admits only that the plaintiff has filed a complaint against the defendant/third-party plaintiff, Tony Barone Plumbing and Heating. The remainder of Paragraph 3 of the third-party complaint purports to characterize the allegations contained in the complaint. The complaint speaks for itself, and the third-party defendant is not required to respond to characterizations of its substance.

4.  The allegations set forth in Paragraph 4 of the third-party complaint do not relate to this third-party defendant, and therefore the third-party defendant provides no response.

5. The allegations set forth in Paragraph 5 of the third-party complaint do not relate to this third-party defendant, and therefore the third-party defendant provides no response.

## COUNT II

6. The third-party defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the third-party complaint.

7. The allegations set forth in Paragraph 7 of the third-party complaint do not relate to this third-party defendant, and therefore the third-party defendant provides no response.

8. The third-party defendant admits only that the plaintiff has filed a complaint against the defendant/third-party plaintiff, Tony Barone Plumbing and Heating. The remainder of Paragraph 8 of the third-party complaint purports to characterize the allegations contained in the complaint. The complaint speaks for itself, and the third-party defendant is not required to respond to characterizations of its substance.

9. The allegations set forth in Paragraph 9 of the third-party complaint do not relate to this third-party defendant, and therefore the third-party defendant provides no response.

10. The allegations set forth in Paragraph 10 of the third-party complaint do not relate to this third-party defendant, and therefore the third-party defendant provides no response.

## COUNT III

11. The third-party defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the third-party complaint.

12. The third-party defendant admits the allegations set forth in Paragraph 12 of the third-party complaint.

13. The third-party defendant admits only that the plaintiff has filed a complaint against the defendant/third-party plaintiff, Tony Barone Plumbing and Heating. The remainder of Paragraph 13 of the third-party complaint purports to characterize the allegations contained in the complaint. The complaint speaks for itself, and the third-party defendant is not required to respond to characterizations of its substance.

14. The third-party defendant denies the allegations set forth in Paragraph 14 of the third-party complaint.

15. The third-party defendant denies the allegations set forth in Paragraph 15 of the third-party complaint.

WHEREFORE, the third-party defendant denies that the defendant/third-party plaintiff is entitled to any relief from this third-party defendant whatsoever.

## AFFIRMATIVE DEFENSES

Having denied each and every allegation not specifically admitted to above, the third-party defendant, Glenn Speer, for his affirmative defenses, states as follows:

### FIRST AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party plaintiff's complaint fails to set forth facts constituting a cause of action, and therefore the third-party plaintiff cannot maintain this action.

### SECOND AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party plaintiff's alleged damages, if any, were caused by persons other than the third-party defendant, its agents, servants or employees, and the third-party plaintiff's alleged injuries, if any, were caused by persons for whose conduct the said third-party defendant is not responsible, and therefore the third-party defendant is not legally responsible.

### THIRD AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party plaintiff's complaint is subject to dismissal because of insufficiency of process.

### FOURTH AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party plaintiff's complaint is subject to dismissal because of insufficiency of service of process.

### FIFTH AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party plaintiff's complaint is barred under the theory of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party plaintiff's complaint is barred under the theory of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party plaintiff would be unjustly enriched were relief granted in this case.

## EIGHTH AFFIRMATIVE DEFENSE

The third-party defendant states that the case is not ripe for hearing, and should be dismissed as premature.

## NINTH AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party plaintiff does not have clean hands, and therefore cannot recover.

## TENTH AFFIRMATIVE DEFENSE

The third-party defendant states that if the third-party plaintiff suffered damages as alleged, then it may have been caused by the plaintiff and/or third-party plaintiff's own contributory negligence, and any recovery by the third-party plaintiff should, therefore, be reduced by the proportion of their contributory negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

The third-party defendant states that if the third-party plaintiff suffered damages as alleged, then they may have been caused by the plaintiff and/or third-party plaintiff's own comparative negligence, and any recovery by the third-party plaintiff should, therefore, be reduced by the proportion of their comparative negligence.

## TWELFTH AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party complaint should be dismissed for lack of subject matter jurisdiction.

## THIRTEENTH AFFIRMATIVE DEFENSE

The third-party defendant hereby incorporates as if expressly stated herein the affirmative defenses asserted in the third-party plaintiff's answer to the plaintiff's complaint.

## THE THIRD-PARTY DEFENDANT DEMANDS A TRIAL BY JURY.

The Third-Party Defendant,
Glenn Speer,

By his attorneys,

_/s/ Am. R. W____

James J. Duane, III
B.B.O. #136500
Andrew R. Weiner
B.B.O. #655170
TAYLOR, DUANE, BARTON
 & GILMAN, LLP
160 Federal Street
Boston, MA  02110
Tel. (617) 654-8200
FAX (617) 482-5350

5