UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL INSURANCE COMPANY<br>As Subrogee of Russell and Rebecca Ray,<br>      Plaintiff<br><br>vs.<br><br>RICHARD CUMBIE,<br>      Defendant and<br>TONY BARONE PLUMBING AND HEATING,<br>      Defendant/Third-Party Plaintiff<br><br>vs.<br><br>RICHARD TRAVAGLIONE, KENNETH CROSS, and GLENN SPEER,<br><br>      Third-Party Defendants | CIVIL ACTION NO. 05-10164JLT |

## RICHARD TRAVAGLIONE'S ANSWER TO THIRD-PARTY COMPLAINT, COUNTERCLAIM AGAINST TONY BARONE PLUMBING AND HEATING, CROSSCLAIM AGAINST GLENN SPEER, AND JURY DEMAND

The Third-Party Defendant, Richard Travaglione, denying each and every allegation of the Third-Party Plaintiff's Complaint, unless specifically admitted, answers each numbered paragraph as follows:

### COUNT I

1. The Third-Party Defendant is WITHOUT SUFFICIENT KNOWLEDGE to admit or deny the allegations of paragraph one.

2. The Third-Party Defendant ADMITS the allegations in paragraph two.

3. The Third-Party Defendant ADMITS the allegations in paragraph three.

4. The Third-Party Defendant DENIES the allegations in paragraph four.

5. The Third-Party Defendant DENIES the allegations in paragraph five.

## COUNT II

6-10. No response is required because the allegations are directed against another party.

## COUNT III

11-15. No response is required because the allegations are directed against another party.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

And further answering, the Third-Party Defendant says that the Third-Party Plaintiff's Complaint fails to set forth facts constituting a cause of action; and therefore, the Third-Party Plaintiff cannot recover.

### SECOND DEFENSE

And further answering, the Third-Party Defendant says that the Third-Party Plaintiff's own negligence caused or contributed to the incident and damages alleged; and therefore, the Third-Party Plaintiff cannot recover.

### THIRD DEFENSE

And further answering, the Third-Party Defendant says that the Third-Party Plaintiff was more than 50 percent negligent in causing or contributing to the incident and damages alleged; and therefore, the Third-Party Plaintiff either cannot recover, or any verdict or finding in its favor must be reduced by the percentage of negligence attributed to the Third-Party Plaintiff.

### FOURTH DEFENSE

And further answering, the Third-Party Defendant says that the Third-Party Plaintiff assumed the risk of the incident and damages alleged; and therefore, the Third-Party Plaintiff cannot recover.

### FIFTH DEFENSE

And further answering, the Third-Party Defendant says that the Third-Party Plaintiff's alleged damages, if any, were caused by persons other than the Third-Party Defendant, his agents, servants, or employees and the Third-Party Plaintiff's alleged damages, if any, were caused by persons for whose conduct the Third-Party Defendant is not responsible; and therefore, the Third-Party Plaintiff cannot recover.

**SIXTH DEFENSE**

And further answering, the Third-Party Defendant says that the amount paid by the Plaintiff was in excess of what was fair and reasonable; and therefore, the Third-Party Plaintiff cannot recover.

**SEVENTH DEFENSE**

And further answering, the Third-Party Defendant says that the alleged incident did not cause the Third-Party Plaintiff's alleged damages; and therefore, the Third-Party Plaintiff cannot recover.

**EIGHTH DEFENSE**

And further answering, the Third-Party Defendant says that the Third-Party Plaintiff has not brought its action within the time period allowed by Massachusetts law regarding limitations of actions; and therefore, the Third-Party Plaintiff cannot recover and the Complaint should be dismissed.

**NINTH DEFENSE**

And further answering, the Third-Party Defendant says that the damages alleged, if any, resulted from abnormal conduct or use by the Plaintiff's insured; and therefore, the Third-Party Plaintiff cannot recover.

**TENTH DEFENSE**

And further answering, the Third-Party Defendant says that he was not negligent in any manner; and therefore, the Third-Party Plaintiff cannot recover from the Third-Party Defendant and the Court should dismiss the Third-Party Complaint.

**EVELENTH DEFENSE**

And further answering, the Third-Party Defendant says that he never received proper and timely notice of the incident alleged; and therefore, the Third-Party Plaintiff cannot recover.

## TWELFTH DEFENSE

And further answering, the Third-Party Defendant says that there is a lack of adequate consideration for the alleged contract in the Plaintiff's Complaint; and therefore, the Third-Party Plaintiff cannot recover.

## THIRTEENTH DEFENSE

And further answering, the Third-Party Defendant says that the Third-Party Plaintiff has breached or otherwise failed to comply with the terms and conditions of the contract alleged in the Plaintiff's Complaint; and therefore, the Third-Party Plaintiff cannot recover.

## FOURTEENTH DEFENSE

And further answering the Third-Party Defendant says that the Third-Party Plaintiff has failed to mitigate its damages; and therefore, cannot recover.

WHEREFORE, the Third-Party Defendant demands judgment against Third-Party Plaintiff and further demands that the Court dismiss this action.

## COUNTERCLAIM AGAINST ANTHONY M. BARONE, a/b/a TONY BARONE PLUMBING AND HEATING

1. Counterclaim Plaintiff, Richard Travaglione, d/b/a R.A. Energy Inc., has a usual place of business in Nantucket, Nantucket County, Massachusetts.

2. Counterclaim Defendant, Anthony M. Barone, d/b/a Tony Barone Plumbing and Heating, has a usual place of business in Nantucket, Nantucket County, Massachusetts.

3. If the Third-Party Plaintiff/Counterclaim Defendant suffered damages as alleged in the Third-Party Complaint, said damages were caused by the negligence of the Third-Party Plaintiff/Counterclaim Defendant, its agents, servants, or employees.

4. In the event a finding or judgment enters in favor of the Third-Party Plaintiff/Counterclaim Defendant against the Third-Party Defendant/Counterclaim Plaintiff, Richard Travaglione, d/b/a R.A. Energy Inc., then Third-Party Plaintiff/Counterclaim Defendant is liable to indemnify the Counterclaim Plaintiff; or in the alternative, is liable to the Counterclaim Plaintiff as a joint tortfeasor.

WHEREFORE, the Third-Party Defendant/Counterclaim Plaintiff, Richard Travaglione, d/b/a R.A. Energy Inc., demands judgment against Third-Party Plaintiff/Counterclaim Defendant, Anthony M. Barone, d/b/a Tony Barone Plumbing and Heating, in an amount equal to or greater than any judgment entered against him plus such further relief as the Court deems appropriate.

### CROSSCLAIM AGAINST GLENN SPEER

1. Crossclaim Plaintiff, Richard Travaglione, d/b/a R.A. Energy Inc., has a usual place of business in Nantucket, Nantucket County, Massachusetts.

2. Crossclaim Defendant, Glenn Speer, is an individual residing at 12 Somerset Lane, Nantucket, MA.

3. If the Third-Party Plaintiff/Counterclaim Defendant suffered damages as alleged in the Third-Party Complaint, said damages were caused by the negligence of the Crossclaim Defendant, Glenn Speer, his agents, servants, or employees.

4. In the event a finding or judgment enters in favor of the Third-Party Plaintiff/Counterclaim Defendant against the Third-Party Defendant/Counterclaim Plaintiff, Richard Travaglione, d/b/a R.A. Energy Inc., then Crossclaim Defendant, Glenn Speer, is liable to indemnify the Third-Party Defendant/Counterclaim Plaintiff; or in the alternative, is liable to the Third-Party Defendant/Counterclaim Plaintiff as a joint tortfeasor.

WHEREFORE, the Third-Party Defendant/Counterclaim Plaintiff, Richard Travaglione, d/b/a R.A. Energy Inc., demands judgment against Crossclaim Defendant, Glenn Speer, in an amount equal to or greater than any judgment entered against him plus such further relief as the Court deems appropriate.

**The Third-Party Defendant, Counterclaim Plaintiff, and Crossclaim Plaintiff demands a jury trial on all claims so triable**.

Respectfully Submitted,

RICHARD TRAVAGLIONE d/b/a
R.A. ENERGY INC.
By his attorney


/s/ Jonathan White
Jonathan M. White, BBO# 644571
**Law Offices of Robert E. Noonan**
99 Summer Street, Suite 1140
Boston, MA 02110-1253
617-737-3975