UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL INSURANCE CO., as Subrogee of Russell and Rebecca Ray, ) <br><br> Plaintiff, ) <br> v. ) <br><br> RICHARD CUMBIE and TONY BARONE PLUMBING AND HEATING, ) <br> Defendants/Third-Party Plaintiffs, ) <br><br> v. ) <br><br> RICHARD TRAVAGLIONE, KENNETH CROSS and GLENN SPEER, ) <br> Third-Party Defendants. ) | Civil Action No. <br> 05-10164-JLT |

## ANSWER OF THE THIRD-PARTY DEFENDANT/DEFENDANT-IN-CROSSCLAIM, GLENN SPEER, TO THE CROSS-CLAIM OF THE THIRD-PARTY DEFENDANT/PLAINTIFF-IN-CROSSCLAIM, <u>RICHARD TRAVAGLIONE</u>

1. The third-party defendant/defendant-in-crossclaim is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the crossclaim.

2. The third-party defendant/defendant-in-crossclaim admits the allegations set forth in Paragraph 2 of the crossclaim.

3. The third-party defendant/defendant-in-crossclaim denies the allegations set forth in Paragraph 3 of the crossclaim.

4. The third-party defendant/defendant-in-crossclaim denies the allegations set forth in Paragraph 4 of the crossclaim.

WHEREFORE, the third-party defendant/defendant-in-crossclaim denies that the third-party defendant/plaintiff-in-crossclaim is entitled to any relief from this third-party defendant/defendant-in-crossclaim whatsoever.

## AFFIRMATIVE DEFENSES

Having denied each and every allegation not specifically admitted to above, the third-party defendant/defendant-in-crossclaim, Glenn Speer, for his affirmative defenses, states as follows:

## FIRST AFFIRMATIVE DEFENSE

The third-party defendant/defendant-in-crossclaim states that the crossclaim fails to set forth facts constituting a cause of action, and therefore the third-party defendant/plaintiff-in-crossclaim cannot maintain this action.

## SECOND AFFIRMATIVE DEFENSE

The third-party defendant/defendant-in-crossclaim states that the plaintiff's alleged damages, if any, were caused by persons other than the third-party defendant/defendant-in-crossclaim, and the plaintiff's alleged injuries, if any, were caused by persons for whose conduct the said third-party defendant/defendant-in-crossclaim is not responsible, and therefore the third-party defendant/defendant-in-crossclaim is not legally responsible and is not liable to the third-party defendant/plaintiff-in-crossclaim.

## THIRD AFFIRMATIVE DEFENSE

The third-party defendant/defendant-in-crossclaim states that the crossclaim is barred under the theory of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The third-party defendant/defendant-in-crossclaim states that the crossclaim is barred under the theory of waiver.

## FIFTH AFFIRMATIVE DEFENSE

The third-party defendant/defendant-in-crossclaim states that the third-party defendant/plaintiff-in-crossclaim would be unjustly enriched were relief granted in this case.

## SIXTH AFFIRMATIVE DEFENSE

The third-party defendant/defendant-in-crossclaim states that the case is not ripe for hearing, and should be dismissed as premature.

## SEVENTH AFFIRMATIVE DEFENSE

The third-party defendant/defendant-in-crossclaim states that the third-party defendant/plaintiff-in-crossclaim does not have clean hands, and therefore cannot recover.

## EIGHTH AFFIRMATIVE DEFENSE

The third-party defendant/defendant-in-crossclaim states that if the plaintiff suffered damages as alleged, then it may have been caused by the third-party defendant/plaintiff-in-crossclaim's own contributory negligence, and any recovery should, therefore, be reduced by the proportion of the third-party defendant/plaintiff-in-crossclaim's own contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

The third-party defendant/defendant-in-crossclaim states that if the plaintiff suffered damages as alleged, then it may have been caused by the third-party defendant/plaintiff-in-crossclaim's own comparative negligence, and any recovery should, therefore, be reduced by the proportion of the third-party defendant/plaintiff-in-crossclaim's own comparative negligence.

## TENTH AFFIRMATIVE DEFENSE

The third-party defendant/defendant-in-crossclaim states that the crossclaim should be dismissed for lack of subject matter jurisdiction.

**THE THIRD-PARTY DEFENDANT/DEFENDANT-IN-CROSSCLAIM
DEMANDS A TRIAL BY JURY.**

The Third-Party Defendant/
Defendant-in-Crossclaim,
Glenn Speer,

By his attorneys,


 /s/ Andrew R. Weiner
James J. Duane, III
B.B.O. #136500
Andrew R. Weiner
B.B.O. #655170
TAYLOR, DUANE, BARTON
 & GILMAN, LLP
160 Federal  Street
Boston, MA  02110
Tel. (617) 654-8200
FAX (617) 482-5350