UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10164- 1

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, as subrogee of RUSSELL and REBECCA RAY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| TONY BARONE PLUMBING AND HEATING, INC., | ) ) ) ) |
| Defendant, and | ) ) ) |
| RICHARD CUMBIE, | ) ) |
| Defendant/Third Party Plaintiff, | ) ) |
| v. | ) ) |
| RICHARD TRAVAGLIONE, KENNETH CROSS and GLENN SPEER, | ) ) ) ) |
| Third Party Defendants. | ) ) |

**KENNETH CROSS'S ANSWER TO THIRD PARTY COMPLAINT OF RICHARD CUMBIE, COUNTERCLAIM AGAINST RICHARD CUMBIE ANI JURY CLAIM**

Third Party Defendant, Kenneth Cross ("Cross") hereby submits this Answer to the Tl i Party Complaint ("Third Party Complaint") filed against him by Richard Cumbie ("Cumbie") and hereby answers and files this Counterclaim against Cumbie as follows:

## COUNT I

1. Admitted that the pleading is denominated as a Third-Party Complaint by Cumbie against Cross and another person, but denied that Cross has any liability to Cumbie.

2. Admitted.

3. Denied.

4. Cross is without knowledge and information sufficient to form a belief as to the truth of the averments set forth in Paragraph 4 of the Complaint.

5. Admitted that a Complaint was filed against Cumbie, but denied as to the remaining averments set forth in Paragraph 5 of the Third Party Complaint.

6. Cross is without knowledge and information sufficient to form a belief as to the truth of the averment set forth in Paragraph 6 of the Complaint.

7. Denied.

8. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Cross states that the Third Party Complaint fails to set forth facts constituting a cause of action, and therefore Cumbie cannot maintain this action.

### SECOND AFFIRMATIVE DEFENSE

Cross states that Cumbie's alleged damages, if any, were caused by persons other than Cross, his agents, servants or employees, and that Cumbie's alleged damages, if any, were caused by persons for whose conduct the Cross is not responsible, and therefore Cross is not liable to Cumbie.

### THIRD AFFIRMATIVE DEFENSE

Cross states that the Cumbie's complaint is subject to dismissal because of insufficiency of service of process. At all times relevant, Cumbie was aware that Cross could not have been personally served on Nantucket Island as alleged in the return of service since Cross was not on Nantucket Island at the time of service. The officer who swore under the pains and penalties of

perjury on the return of service that service was made on Cross is a friend of Cumbie and Cumbie is aware that such officer knows Cross. Despite the foregoing, Cumbie filed a false return with this Court.

### FOURTH AFFIRMATIVE DEFENSE

Cumbie's claim against Cross is barred since as between Cross and Cumbie, Cumbie is liable to Cross for defects in construction at the Premises.

### FIFTH AFFIRMATIVE DEFENSE

Cross states that Cumbie would be unjustly enriched were relief granted in this case.

### SIXTH AFFIRMATIVE DEFENSE

Cross states that the Cumbie's complaint is barred under the theories of release and/or waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Cross states that if Cumbie suffered damages as alleged, then such damages were caused by the Plaintiff's insured's and/or Cumbie's own negligence, and any recovery by the Cumbie should, therefore, be reduced by the proportion of the negligence of Cumbie and/or of Plaintiff's insureds.

### EIGHTH AFFIRMATIVE DEFENSE

Cumbie is aware that he has no basis whatsoever for any claim against Cross, and despite the foregoing, Cumbie has brought a claim which is frivolous, insubstantial and not advanced in good faith. Cumbie was compensated by Cross to supervise the construction and to the extent that there is any liability whatsoever with regard to the matters set forth in the Complaint filed by Plaintiff, Cumbie would be liable therefor and there are no facts upon which Cross could have liability to Cumbie.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's insureds purchased the Premises from Cross in its "as is" condition and they have no claim against Cross directly or indirectly as to the condition of the Premises.

WHEREFORE, Cross prays that Judgment be entered in his behalf and against Cumbie together with attorney fees, interest and costs.

## COUNTERCLAIM

1.Kenneth Cross ("Cross") is an individual who resides in Naples, Florida.

2.Richard Cumbie ("Cumbie") is an individual who resides in Nantucket, Massachusetts.

3.Cross was an owner of certain premises located at and known as 9 Eel Point Road, Nantucket, Massachusetts (the "Premises").

4.Cumbie entered into an agreement (the "Agreement") with Cross pursuant to which Cumbie agreed to be responsible for construction at the Premises (the "Project").

5.In connection with the Agreement, Cumbie was responsible for supervising the construction at the Premises.

6.Cross and the deceased other owner of the Premises, Joan Barr, paid Cumbie compensation to supervise the Project.

7.In 2001, Cumbie signed as "General Contractor" an application for a building permit filed with the Town of Nantucket Building Department.

8.After 2001, Cumbie signed as "Contractor" at least two (2) additional applications regarding the Premises that were filed with the Town of Nantucket Building Department.

9.On or about September 10, 2003, Cross and the other owner of the Premises sold the Premises to Russell and Rebecca Ray (the "Buyers").

10.The sale of the Premises to the Buyers was effected pursuant to a Purchase and Sale Agreement dated July, 2003.

11.On or about January 18, 2004, the Buyers alleged that they suffered certain damages.

12. On or about January 21, 2005, Federal Insurance Company (the "Plaintiff"), as Buyers' insurer, commenced an action (the "Litigation") against Cumbie and others to recover certain alleged damages.

13. Cumbie caused a Third Party Complaint to be filed against Cross despite there being no legal or factual basis for Cross to have any liability to Cumbie.

14. At all times relevant, since the commencement of this Litigation, Cumbie was aware that Cross resided in Florida, and is not a resident of Nantucket, Nantucket County, Massachusetts as alleged by Cumbie in the Third Party Complaint.

15. On information and belief, Cross has been aware at all times relevant, that the Return of Service made by the Nantucket County Sheriff alleging that Cross was "served personally" was false.

## COUNT I

### Negligence

16. Cross incorporates herein by reference the averments set forth in Paragraphs 1- 15 of this Counterclaim to the same extent as if fully set forth herein.

17. Cumbie owed Cross a duty of care in connection with supervising the construction at the Premises.

18. Cumbie breached that duty of care that was owed to Cross.

19. Cross has been damaged as a result of the breach by Cumbie of the duty of care

20. Cumbie is liable to Cross for all damages incurred by Cross in connection with that breach of duty of care.

WHEREFORE, Cross prays that Judgment be entered in his behalf and against Cumbie for all damages incurred by Cross, together with attorney fees, interest and costs.

## COUNT II

### Breach of Contract

21. Cross incorporates herein by reference the averments set forth in Paragraphs 1 - 20 of this Counterclaim to the same extent as if fully set forth herein.

22. Cumbie entered into the Agreement with Cross pursuant to which Cumbie would supervise construction at the Premises so as to insure that there were no defects in construction.

23. Cumbie breached that Agreement with Cross.

24. As a result of the breach by Cumbie of that Agreement with Cross, Cross has been damaged.

25. Cumbie is liable for damages incurred by Cross in connection with breach of the Agreement between Cross and Cumbie.

WHEREFORE, Cross prays that Judgment be entered in his behalf and against Cumbie for all damages incurred by Cross, together with attorney fees, interest and costs.

## COUNT III

### Violation of Chapter 93A

26. Cross incorporates herein by reference the averments set forth in Paragraphs 1 - 25 of this Counterclaim to the same extent as if fully set forth herein.

27. Cumbie is a person engaged in trade and commerce as defined in M.G.L. c. 93A, §11.

28. Cumbie committed certain unfair or deceptive acts or practices declared unlawful pursuant to M.G.L. c. 93A including, but not limited to, the following:

    a.    Failing to fulfill his obligations to Cross under the Agreement;

    b.    Prosecuting a claim against Cross with full knowledge that Cumbie has no basis for such claim against Cross.

    c.    On information and belief, being aware that Cross was not personally served by the Nantucket County Sheriff, but allowing a Return of Service to that effect to be filed with the Court.

    d.    Denying that Cumbie was responsible for the construction at the Premises when such fact was not true; and

    e.    Otherwise causing Cross to be embroiled in the Litigation for which he has no liability.

29.    As a result of Cumbie's violation of M.G.L. c. 93A, Cross has been damaged.

30.    The actions of Cumbie in violation of M.G.L. c. 93A were knowingly or willfully committed.

31.    Cumbie is liable to Cross for all damages incurred by Cross as a result of Cumbie's violation of M.G.L. c. 93A.

32.    Cumbie is liable to Cross for at least two, and up to three, times Cross's actual damages as a result of Cumbie's violation of M.G.L. c. 93A.

33.    Cumbie is liable to Cross for all attorney fees incurred by Cross as a result of Cumbie's violation of M.G.L. c. 93A.

WHEREFORE, Cross prays that Judgment be entered in his behalf and against Cumbie for three times the actual damages incurred by Cross, together with attorney fees, interest and costs.

## JURY CLAIM

Cross claims his right of jury in all matters so triable.

Respectfully submitted,

KENNETH CROSS

By his attorney,

Mark J. Coltin, P.C.
BBO # 093160
101 Merrimac Street
P.O. Box 9601
Boston, MA  02114-9601
(617) 482-0060

Date: October 7, 2005

## CERTIFICATE OF SERVICE

I, Mark J. Coltin, counsel for Kenneth Cross, a Third Party Defendant in this action, hereby certify that on this ___7th___ day of October, 2005, I caused a copy of Kenneth Cross's Answer to Third Party Complaint of Richard Cumbie, Counterclaim Against Richard Cumbie and Jury Claim to be served on all counsel of record, as set forth below, by mailing a copy, first class mail, postage-prepaid of each such pleading:

Patrick J. Loftus, III, Esq.
9 Park Street—5th Floor
Boston, MA 02108

Robert M. Caplan, Esq.
Daniel J. Luccaro, Esq.
Cozen & O'Connor
1900 Market Street
The Atrium – Third Floor
Philadelphia, PA 19103

Peter A. Palmer, Esq.
Fuller, Rosenberg, Palmer & Beliveau
340 Main Street – Suite 817
Worcester, MA 01608

John R. Callahan, Esq.
Philip T. Tierney, Esq.
Finnegan, Underwood, Ryan & Tierney
22 Battery March Street –4th Floor
Boston, MA 02109

James J. Duane, III, Esq.
Andrew R. Winer, Esq.
Taylor, Duane, Barton & Gilman
160 Federal Street – 5th Floor
Boston, MA 02110

Jonathan M. White, Esq.
Law Offices of Robert E. Noonan
99 Summer Street—Suite 1140
Boston, MA 02110-1253

Executed on this ___7th___ day of October, 2005.

_____
Mark J. Coltin

9