UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No: 05 10164 JLT

FEDERAL INSURANCE COMPANY as )
Subrogee of Russell Ray and Rebecca Ray, )
)
    Plaintiff )
)
VS. )
)
RICHARD CUMBIE and )
)
    Defendant/Third-Party Plaintiff )
)
AND )
)
TONY BARONE PLUMBING )
and HEATING, )
)
    Defendant )
)
VS. )
)
RICHARD TRAVAGLIONE, )
KENNETH CROSS and GLENN SPEER )
)
    Third-Party Defendants )

### REPLY AND JURY CLAIM OF DEEFNDANT RICHARD CUMBIE
### TO COUNTERCLAIM OF THIRD-PARTY DEFENDANT KENNETH CROSS

The Defendant/Third-Party Plaintiff Richard Cumbie responds as follows to the Counterclaim of the Third-Party Defendant Kenneth Cross:

1. The Defendant/Third-Party Plaintiff neither admits nor denies the allegations of this paragraph, but calls upon the Third-Party Defendant to prove same if they be material.

2. The Defendant/Third-Party Plaintiff admits the allegations contained in paragraph 2.

3. The Defendant/Third-Party Plaintiff admits the allegations contained in paragraph 3.

1

4. Denied as phrased.

5. Denied as phrased.

6. The Defendant/Third-Party Plaintiff Cumbie [hereafter Cumbie] admits receiving compensation from Cross with respect to certain supervisory duties Cumbie performed with respect to the project.

7. Denied as phrased.

8. Denied as phrased.

9. The Defendant/Third-Party Plaintiff admits the allegations contained in paragraph 9.

10. The Defendant/Third-Party Plaintiff admits the allegations contained in paragraph 10.

11. The Defendant/Third-Party Plaintiff admits the allegations contained in paragraph 11.

12. The Plaintiff's Complaint speaks for itself.

13. The Defendant/Third-Party Plaintiff denies the allegations contained in paragraph 13.

14. The Defendant/Third-Party Plaintiff neither admits nor denies the allegations of this paragraph, but calls upon the Third-Party Defendant to prove same if they be material.

15. The Defendant/Third-Party Plaintiff denies the allegations contained in paragraph 15.

## COUNT I:

16. The Defendant/Third-Party Plaintiff incorporates his responses to the allegations of paragraphs 1 through 15.

17. This paragraph states a conclusion of law. To the extent this paragraph contains allegations of fact, the same are denied.

18. The Defendant/Third-Party Plaintiff denies the allegations contained in paragraph 18.

19. The Defendant/Third-Party Plaintiff denies the allegations contained in paragraph 19.

20. The Defendant/Third-Party Plaintiff denies the allegations contained in paragraph 20.

### COUNT II:

21. The Defendant/Third-Party Plaintiff incorporates his responses to the allegations of paragraphs 1 through 20.

22. Cumbie admits entering into an oral agreement with Cross to perform certain supervisory services at the premises. Further answering, Cumbie denies the allegations in this paragraph as phrased.

23. The Defendant/Third-Party Plaintiff denies the allegations contained in paragraph 23.

24. The Defendant/Third-Party Plaintiff denies the allegations contained in paragraph 24.

25. The Defendant/Third-Party Plaintiff denies the allegations contained in paragraph 25.

### COUNT III:

26. The Defendant/Third-Party Plaintiff incorporates his responses to the allegations of paragraphs 1 through 25.

27. This paragraph states a conclusion of law. To the extent this paragraph contains allegations of fact, the same are denied.

28. The Defendant/Third-Party Plaintiff denies the allegations contained in paragraph 28.

29. The Defendant/Third-Party Plaintiff denies the allegations contained in paragraph 29.

30. The Defendant/Third-Party Plaintiff denies the allegations contained in paragraph 30.

31. The Defendant/Third-Party Plaintiff denies the allegations contained in paragraph 31.

32. The Defendant/Third-Party Plaintiff denies the allegations contained in paragraph 32.

33. The Defendant/Third-Party Plaintiff denies the allegations contained in paragraph 33.

### FIRST AFFIMATIVE DEFENSE

The Defendant says that the Plaintiff has failed to fulfill the statutory prerequisites to suit under M.G.L. 93A.

### SECOND AFFIMATIVE DEFENSE

The Defendant says that the Plaintiff's Complaint fails to state a claim upon which relief can be granted under M.G.L. c.93A.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to identify any damage resulting from the alleged conduct of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Count III fails to state a claim upon which relief can be granted in that

[a] alleged failure to fulfill contractual obligations is not a violation of M.G.L. c.93A;

[b] allegations that the Third-Party Complaint is unfounded do not support a violation of M.G.L. c.93A; and

[c] any alleged deficiency in service of process do not make out a violation of M.G.L. c.93A.

### FIFTH AFFIRMATIVE DEFENSE

Count II fails to state a claim upon which relief can be granted as there is no allegation identifying how the alleged contract was breached. In the alternative, the Counterclaim Plaintiff should be required to file a more definite statement.

## SIXTH AFFIRMATIVE DEFENSE

Count I fails to state a claim upon which relief can be granted as Plaintiff in Counterclaim has failed to identify the basis for any damage to Counterclaim Plaintiff by Cumbie's alleged conduct independent of the contribution claim raised by the Third-Party Complaint.

WHEREFORE, the Defendant/Third-Party Plaintiff Richard Cumbie prays that the Third-Party Defendant Kenneth Cross' Counterclaim be dismissed, and that judgment enter for the Defendant/Third-Party Plaintiff Richard Cumbie, with costs.

THE DEFENDANT/THIRD-PARTY PLAINTIFF RICHARD CUMBIE DEMANDS A TRIAL BY JURY ON ALL ISSUES.

RICHARD CUMBIE
By his attorneys,

FINNEGAN, UNDERWOOD,
RYAN & TIERNEY

_____
Philip T. Tierney, BBO #498120
John R. Callahan, BBO #641520
22 Batterymarch Street, 4th Floor
Boston, MA 02109
(617) 348-9200

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the *Reply and Jury Claim of Defendant Richard Cumbie to Counterclaim of Third-Party Defendant Kenneth Cross* upon all interested parties by mailing a letter, postage prepaid, containing a copy of same, directed to: Robert M. Caplan, Cozen O'Connor, 1900 Market Street, Philadelphia, PA 19103; Peter A. Palmer, Esquire, Fuller, Rosenberg, Palmer & Beliveau, 340 Main Street, Worcester, MA 01608; Mark J. Coltin, Esquire, Mark J. Coltin, P.C., 101 Merrimac Street, P.O. Box 9601, Boston, MA 02114; Andrew R. Weiner, Esquire, Taylor, Duane, Barton & Gilman, LLP, 160 Federal Street, Boston, MA 02110; and to Jonathan M. White, Esquire, 99 Summer Street, Suite 1140, Boston, MA 02110.

                                              Philip T. Tierney, BBO #498120
                                              John R. Callahan, BBO #641520
                                              *FINNEGAN, UNDERWOOD,*
                                              *RYAN & TIERNEY*
                                              22 Batterymarch Street
                                              Boston, MA 02109
                                              (617) 348-9200

DATED: November 15, 2005