**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|   |   |
|---|---|
| FEDERAL INSURANCE COMPANY, as Subrogee of Russell and Rebecca Ray : Plaintiff : : vs. : : RICHARD CUMBIE and TONY BARONE PLUMBING AND HEATING : Defendants/Third-Party Plaintiffs : : vs. : : RICHARD TRAVAGLIONE, KENNETH CROSS and GLENN SPEER : Third-Party Defendants : | CIVIL ACTION NO: 05-10164 JLT |

## PLAINTIFF'S MOTION FOR LEAVE OF COURT TO ASSERT A DIRECT CLAIM AGAINST THIRD-PARTY DEFENDANT GLEEN SPEER UNDER RULE 14(a)

1.    This matter arises out of a massive water loss at the home of plaintiff's insureds, Russell and Rebecca Ray ("the Rays") seasonal home located at 9 Eel Point Road, Nantucket, Massachusetts ("the Property") on or about January 18, 2004 ("the Incident"). The Incident occurred when a domestic water pipe froze and burst allowing massive amounts of water to discharge throughout the Property.

2.    On January 27, 2005, plaintiff filed a Complaint against defendants, Richard Cumbie ("Cumbie"), the general contractor for the construction of the Property, and Tony Barone Plumbing and Heating ("Barone"), the plumbing contractor during the construction of the Property.

3.    Plaintiff's Complaint alleged *inter alia* that its insured's property was damaged as a result a the negligence of defendant Cumbie and/or defendant Barone.

4. On March 4, 2005, defendant Barone filed a Third Party Complaint against third-party defendants Richard Travagline ("Travaglione"), the insulating contractor during the construction of the Property, Kenneth Cross ("Cross"), the former owner of the Property, and Gleen Speer ("Speer"), the Ray's caretaker at the time of the Incident.

5. In its Third-Party Complaint, defendant/third-party plaintiff Barone alleged, *inter alia,* that the damages resulted from the negligence of third-party defendant Speer and seeks contribution and/or indemnification from him.

6. On November 17, 2005 the depositions of Tony Barone and his former assistant, Douglas LaBrecht, took place. Based on the testimony of Barone and LaBrecht, plaintiff now seeks to assert a direct action against third-party defendant Speer.

7. Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, "the plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of plaintiff's claim against the third-party plaintiff."

WHEREFORE, plaintiff respectfully requests that this Honorable Court grant it leave to assert a direct claim against third-party defendant Speer under Rule 14(a). A copy of Plaintiff's Rule 14(a) Claim is attached hereto as Exhibit A.

Respectfully submitted,

FEDERAL INSURANCE COMPANY,

By its attorneys,

s/ Robert M. Caplan, Esquire
ROBERT M. CAPLAN, ESQUIRE
DANIEL J. LUCCARO ESQUIRE
Cozen O'Connor
1900 Market Street, 3rd Floor
Philadelphia, PA 19103
215.665.4191

Local Counsel:
Patrick J. Loftus, III, Esquire
9 Park Street, #500
Boston, MA  02108
617.723.7770

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, as Subrogee of Russell and Rebecca Ray | : : : | CIVIL ACTION NO: |
| Plaintiff | : : | 05-10164 JLT |
| vs. | : : | |
| RICHARD CUMBIE and TONY BARONE PLUMBING AND HEATING | : : : | |
| Defendants/Third-Party Plaintiffs | : : | |
| vs. | : : | |
| RICHARD TRAVAGLIONE, KENNETH CROSS and GLENN SPEER | : : : | |
| Third-Party Defendants | : : | |

# PLAINTIFF'S RULE 14(a) CLAIM AGAINST THIRD-PARTY DEFENDANT GLEEN SPEER

1. On January 27, 2005, plaintiff filed a Complaint against defendants, Richard Cumbie ("Cumbie") and Tony Barone Plumbing and Heating ("Barone").

2. Plaintiff's Complaint alleged *inter alia* that its insured's property was damaged as a result a the negligence of defendant Cumbie and/or defendant Barone.

3. On March 4, 2005, defendant Barone filed a Third Party Complaint against third-party defendant Gleen Speer ("Speer").

4. In its Third-Party Complaint, defendant/third-party plaintiff Barone alleged, *inter alia,* that the damages resulted from the negligence of third-party defendant Speer and seeks contribution and/or indemnification from him.

5. If it is determined that plaintiff's damages were caused by the aforesaid conduct of third-party defendant Speer, so that third-party defendant alone is liable to the plaintiff, or is

2

jointly and severally liable with defendant/third-party plaintiff Barone and/or other parties for plaintiff's damages, plaintiff hereby makes a direct claim against the third-party defendant pursuant to Rule 14(a) of the Federal Rules of Civil Procedure.

WHEREFORE, plaintiff demands judgment in its favor and against third-party defendant Glenn Speer, in the amount Seven Hundred Seventy-One Thousand Nine Hundred Ninety Sixty-Eight Dollars and Sixty-One Cents ($771,968.61) together with interest and costs of this action.

Respectfully submitted,

FEDERAL INSURANCE COMPANY,

By its attorneys,

s/ Robert M. Caplan, Esquire
ROBERT M. CAPLAN, ESQUIRE
DANIEL J. LUCCARO ESQUIRE
Cozen O'Connor
1900 Market Street, 3rd Floor
Philadelphia, PA 19103
215.665.4191

Local Counsel:
Patrick J. Loftus, III, Esquire
9 Park Street, #500
Boston, MA  02108
617.723.7770