UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL INSURANCE CO., as Subrogee of Russell and Rebecca Ray,<br><br>   Plaintiff,<br><br>v.<br><br>RICHARD CUMBIE and TONY BARONE PLUMBING AND HEATING,<br>   Defendants/Third-Party Plaintiffs,<br><br>v.<br><br>RICHARD TRAVAGLIONE, KENNETH CROSS and GLENN SPEER,<br>   Third-Party Defendants. | Civil Action No.<br>05-10164-JLT |

### ANSWER OF THE THIRD-PARTY DEFENDANT, GLENN SPEER, TO THE RULE 14(a) CLAIM OF THE PLAINTIFF, FEDERAL INSURANCE COMPANY

1. The third-party defendant admits the allegations contained in this Paragraph of the plaintiff's Rule 14(a) claim.

2. This Paragraph of the plaintiff's Rule 14(a) claim references a document, which speaks for itself, and therefore no response is required.

3. The third-party defendant admits the allegations contained in this Paragraph of the plaintiff's Rule 14(a) claim.

4. This Paragraph of the plaintiff's Rule 14(a) claim references a document, which speaks for itself, and therefore no response is required. To the extent that a response is necessary, the third-party defendant denies the allegations contained in Barone's third-party complaint.

5. The third-party defendant denies the allegations contained in this paragraph of the plaintiff's Rule 14(a) claim.

WHEREFORE, the third-party defendant denies that the plaintiff is entitled to any relief from this third-party defendant whatsoever.

## AFFIRMATIVE DEFENSES

Having denied each and every allegation not specifically admitted to above, the third-party defendant, Glenn Speer, for his affirmative defenses, states as follows:

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Rule 14(a) claim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The third-party defendant states that the Rule 14(a) claim fails to set forth facts constituting a cause of action, and therefore the plaintiff cannot maintain this action.

### THIRD AFFIRMATIVE DEFENSE

The third-party defendant states that the plaintiff's alleged damages, if any, were caused by persons other than the third-party defendant, and the plaintiff's alleged injuries, if any, were caused by persons for whose conduct the said third-party defendant is not responsible, and therefore the third-party defendant is not legally responsible and is not liable to the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The third-party defendant states that the Rule 14(a) claim is barred under the theory of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The third-party defendant states that the Rule 14(a) claim is barred under the theory of waiver.

### SIXTH AFFIRMATIVE DEFENSE

The third-party defendant states that the plaintiff would be unjustly enriched were relief granted in this case.

### SEVENTH AFFIRMATIVE DEFENSE

The third-party defendant states that if the plaintiff suffered damages as alleged, said damages were caused by intervening and/or superseding causes for which this third-party defendant cannot be held liable.

### EIGHTH AFFIRMATIVE DEFENSE

The third-party defendant states that the plaintiff does not have clean hands, and therefore cannot recover.

### NINTH AFFIRMATIVE DEFENSE

The third-party defendant states that if the plaintiff suffered damages as alleged, then it may have been caused by the plaintiff's and/or its subrogors' own contributory negligence, and any recovery should, therefore, be reduced by the proportion of the plaintiff's own contributory negligence.

### TENTH AFFIRMATIVE DEFENSE

The third-party defendant states that if the plaintiff suffered damages as alleged, then it may have been caused by the plaintiff's and/or its subrogors' own comparative negligence, and any recovery should, therefore, be reduced by the proportion of the plaintiff's own comparative negligence.

### ELEVENTH AFFIRMATIVE DEFENSE

The third-party defendant states that the Rule 14(a) claim should be dismissed for lack of subject matter jurisdiction.

**THE THIRD-PARTY DEFENDANT DEMANDS A TRIAL BY JURY.**

The Third-Party Defendant/
Glenn Speer,

By his attorneys,

/s/ Andrew R. Weiner
James J. Duane, III
B.B.O. #136500
Andrew R. Weiner
B.B.O. #655170
TAYLOR, DUANE, BARTON
& GILMAN, LLP
160 Federal Street
Boston, MA 02110
Tel. (617) 654-8200
FAX (617) 482-5350